UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICKOLAS BUTRIS,

       Plaintiff,

v.                                                                                            Civil Case No. 13-14771
                                                                      Honorable Linda V. Parker

CAPITAL MANAGEMENT
SERVICES, L.P. and UNITED
RECOVERY SYSTEMS, INC., as
successor to PLAZA RECOVERY, INC.,

       Defendants.
_____/

**OPINION AND ORDER (1) GRANTING DEFENDANT CAPITAL
MANAGEMENT SERVICES, L.P.'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FED. R. CIV. P. 56 AND (2) GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE A
FIRST AMENDED COMPLAINT**

       On November 19, 2013, Plaintiff Nickolas Butris filed this lawsuit against Defendants Capital Management Services, LP ("Capital Management") and United Recovery Systems, Inc. ("United Recovery"). Plaintiff alleges violations of state law and the federal Fair Credit Reporting Act ("FCRA") in his Complaint. The matter initially was assigned to the Honorable Lawrence P. Zatkoff, who entered an order dismissing Plaintiff's state law claim on November 26, 2013. On May 28, 2014, Judge Zatkoff reassigned the matter to the undersigned pursuant to Administrative Order 14-AO-030. Pending at the time of the reassignment was

Capital Management's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 [ECF No. 15] and Plaintiff's motion to file an amended complaint [ECF No. 19], filed February 11 and March 7, 2014, respectively. This Court held a hearing with respect to the motions on July 9, 2014.

I.   **Factual and Procedural Background**

According to Plaintiff's Complaint, on or about July 23, 2013, he obtained his credit report from Experian and noticed that Plaza Recovery, Inc. had obtained a copy on May 8, 2012. (ECF No. 1 ¶ 7.) Plaza Recovery merged into United Recovery on April 1, 2013. (*Id.* ¶ 8.)

On August 2, 2013, Plaintiff obtained his credit report from Equifax. (*Id.* ¶ 9.) He noticed that Capital Management had obtained his credit report on December 11, 2012. (*Id.*) According to Capital Management's General Counsel, Cory R. Magnuson ("Mr. Magnuson"), Capital Management obtained the subject credit report in connection with its attempts to collect a delinquent account with an account number ending with "2455" ("the account"), which was owed to Department Stores National Bank, a/k/a Macy's, and placed with Capital Management for collection. (ECF No. 15 Ex. 1 ¶ 2.) Capital Management is a licensed debt collector in Michigan. (*Id.* ¶ 1.)

Mr. Magnuson explains that the account had been placed with Capital

Management for collection on December 7, 2012. (*Id.* ¶ 3.) At the time, Department Stores National Bank informed Capital Management that the account was in default with a balance due of $5,599.70. (*Id.*) According to Capital Management's records, it also was informed that the guarantor of the account was "Najah Butris", with the address of 199 Partridge Drive, Troy, Michigan 48098, and a social security number ending in "0315". (*Id.* ¶¶ 3-4, citing Ex. A.) Using this information, Capital Management requested a copy of the guarantor's credit report from Equifax to assist with Capital Management's collection efforts. (*Id.* ¶ 5.) Capital Management certified to Equifax that it was requesting the credit report to assist in its collection of the debt and for no other purpose. (*Id.*) Capital Management received a copy of the credit report on December 11, 2012, a redacted copy of which is attached to Mr. Magnuson's affidavit. (*Id.* ¶ 6, Ex. B.) This was the only credit report obtained by Capital Management with respect to the account. (*Id.* ¶ 7.)

     Plaintiff alleges that, through counsel, he sent letters to United Recovery and Capital Management on or about September 18, 2013, inquiring as to their purpose in obtaining his credit report. (ECF No. 1 ¶ 10.) According to Plaintiff, neither entity responded. (*Id.* ¶ 11.) Mr. Magnuson claims that Capital Management never received any correspondence from Plaintiff. (ECF No. 15 Ex 1 ¶ 8.)

Plaintiff initiated this lawsuit on November 19, 2013, asserting that neither defendant had a federally permissible purpose for obtaining his credit report. (*Id.* ¶ 12.) He alleges the following claims against Defendants in his Complaint:

(I) Violation of the FCRA- Obtaining a Consumer Report by Use of False Pretenses;

(II) Violation of the FCRA- Knowingly Obtaining a Consumer Report without a Permissible Purpose;

(III) Violation of the FCRA- Willfully Obtaining a Consumer Report without a Permissible Purpose; and

(IV) Invasion of Financial Privacy.

(ECF No. 1). As indicated, Judge Zatkoff *sua sponte* dismissed without prejudice Count IV of Plaintiff's Complaint on November 26, 2013, indicating that he was declining to exercise supplemental jurisdiction over that state law claim. (ECF No. 5.)

On February 11, 2014, Capital Management filed its pending summary judgment motion in which it argues that Plaintiff's remaining claims fail because Capital Management obtained the credit report at issue for a permissible purpose under the FCRA. (ECF No. 15.) Capital Management also argues that Plaintiff fails to plead facts to support his claims that it "knowingly" or "wilfully" violated the FCRA. Plaintiff filed a response to the motion on March 3, 2014. (ECF No. 17.) Capital Management filed a reply brief on March 7, 2014. (ECF No. 18.)

Also on March 7, Plaintiff filed his pending motion to file an amended complaint pursuant to Federal Rule of Civil Procedure 15. (ECF No. 19.) Plaintiff seeks to amend his complaint to include facts that he asserts will support his claim that Defendants willfully violated the FCRA. Capital Management filed a response to Plaintiff's motion on March 17, 2014. (ECF No. 20.) United Recovery has not responded to the motion and Plaintiff has not filed a reply brief.

## II.     Applicable Standards

### A.     Summary Judgment Motion

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue

of material fact." *Id.* at 323. Once the movant meets this burden, the "nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

### B. Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim

suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.*

### III. Analysis

#### A. Capital Management's Summary Judgment Motion

The FCRA regulates access to consumer credit reports by providing that credit bureaus may furnish a consumer's credit report only for certain permissible purposes identified in 15 U.S.C. § 1681b. For purposes of Capital Management's motion, § 1681b provides that a credit reporting agency may furnish a consumer credit report "[t]o a person which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving . . . *review or collection of an account of*, the consumer . . . ." 15 U.S.C. § 1681b(a)(3)(A) (emphasis added). A person who negligently obtains a credit report for a purpose not authorized by the statute may be liable for actual damages, attorney's fees, and costs. 15 U.S.C. § 1681o. The FCRA authorizes an additional award of punitive damages if the violation is "willful." *Id.* § 1681n.

Capital Management has presented evidence through Mr. Magnuson's

affidavit to show that it obtained the credit report at issue from Equifax in connection with its collection of an account of a consumer, Najah Butris– a permissible purpose under the FCRA. In his response brief, Plaintiff responds that the credit report Capital Management obtained was his, that he is not Najah Butris, and that Najah Butris is his father. Plaintiff attaches a different credit report to his response brief that contains his personal information and reflects an inquiry by Capital Management on December 11, 2012. (ECF No. 17 Ex. 2.) Plaintiff also argues in response to Capital Management's motion that a careful review of the credit report attached to Mr. Magnuson's affidavit reflects that the report actually belongs to Plaintiff, as his name, age, and social security number are listed in the body of the report. (*See* ECF No. 15 Ex. 1, Ex. B.)

As an initial matter, Plaintiff presents no admissible evidence to support his contention that he is not known or formerly known as Najah Butris and that Najah Butris is his father. In response to a properly made summary judgment motion, the non-movant must demonstrate a genuine issue of material fact for trial by presenting evidence, such as depositions, affidavits or declaration, or other materials. *See* Fed. R. Civ. P. 56(c); *Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009). The non-movant may not rely simply on allegations or denials in its own pleading. *Alexander*, 576 F.3d at 558. Second, Plaintiff's contention

that it is his credit report attached to Mr. Magnuson's affidavit has no bearing on whether Capital Management requested the credit report for a lawful purpose.

Capital Management requested the credit report at issue, using the information provided to it by Department Stores National Bank (i.e., the name "Najah Butris", an address for that individual, and a social security number ending in 0315). Equifax produced a report using that information. Even if the Court accepts Plaintiff's unsupported assertion that he is not known or formerly known as Najah Butris and that he and Najah Butris are different people, there is no evidence suggesting that Capital Management was aware that the social security number it had for the guarantor of the account would pull up a report for someone else.

As such, the undisputed evidence indicates that Capital Management reasonably believed that it had a permissible purpose to request the credit report. A number of courts have held that the FCRA requires that "users" of credit reports only have "reason to believe" that the report is being requested for a permissible purpose. *See, e.g., Cappeta v. GC Servs. Ltd. P'ship*, 654 F. Supp. 2d 453, 459-60 (E.D. Va. 2009) (concluding that "so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA"); *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 127

(D. Md. 1996), *aff'd* 131 F.3d 135 (4th Cir. 1997) (holding that to prove her FCRA claim, the plaintiff must have shown that the defendant obtained her credit report when it reasonably should have known that she had not initiated a business transaction with the debtor); *see also Daniel v. Bluestem Brands*, No. 13-11714, 2014 U.S. Dist. LEXIS 2383, at *13-14 (E.D. Mich. Jan. 9, 2014) (unpublished op.) (concluding that the plaintiff could not show that the defendant violated the FCRA by obtaining her credit report from multiple agencies, even where the plaintiff's identify was stolen and she was not the actual person who initiated the business contact with the user, because the defendant reasonably believed that it had a permissible purpose for seeking the credit report associated with the information provided by the identity thief); *Merritt v. Elan Fin. Servs.*, No. 12-13860, 2013 WL 7884848 at *3 (E.D. Mich. Feb. 28, 2013) (same), *adopted by*, 2013 WL 7884814 (E.D. Mich. May 02, 2013), *aff'd*, 2014 WL 1228267 (6th Cir. Mar. 25, 2014). In its response brief and at the motion hearing, Plaintiff cites to *Pintos v. Pacific Creditors Association*, 565 F.3d 1106 (9th Cir. 2009) (citing *Andrews v. TRW, Inc.*, 225 F.3d 1063 (9th Cir. 2000), *rev'd on other grounds*, 534 U.S. 19 (2001)); however, the Ninth Circuit's decision does not address the "reason to believe" defense and otherwise is not relevant to the present matter.

    At the motion hearing, Plaintiff's counsel also argued that there is an issue

of fact with respect to whether the credit report attached to Capital Management's motion is the credit report it obtained. Counsel pointed out that the document bears the name "Transunion" in the top right corner of each page. Mr. Magnuson attests, however, that the document attached to his affidavit as Exhibit B is a redacted copy of the credit report Capital Management received from Equifax and that it is the only credit report it obtained with regard to the account. (ECF No. 15 Ex. 1 ¶¶ 6, 7.) Again, Plaintiff cites no materials in the record to refute Capital Management's evidence as required under Rule 56. *See* Fed. R. Civ. P. 56(c)(1).

In short, Plaintiff fails to establish a genuine issue of material fact to support his claims alleging that Capital Management violated the FCRA. The Court therefore is granting Capital Management's motion for summary judgment and is dismissing it as a party to this lawsuit.

**B. Plaintiff's Motion**

Plaintiff seeks to amend his Complaint to plead facts to support his claim that Defendants wilfully violated the FCRA. For the reasons stated in the preceding section, such an amendment would be futile with respect to Capital Management. *See Foman*, 371 U.S. at 182 (identifying "futility of amendment" as a basis for denying a motion to amend). United Recovery has not opposed Plaintiff's motion and the Court believes that the additional facts included in his

proposed amended complaint might render his willful violation claim plausible. Therefore, the Court is allowing Plaintiff to file an amended complaint against United Recovery, only.

Accordingly,

**IT IS ORDERED**, that Defendant Capital Management Services' Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 [ECF No. 15] is **GRANTED** and Capital Management Services is **DISMISSED AS A PARTY** to this lawsuit;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion to File a First Amended Complaint [ECF No. 19] is **GRANTED IN PART AND DENIED IN PART** in that Plaintiff may file an amended complaint against United Recovery, only, within fourteen (14) days of this Opinion and Order.

            S/ Linda V. Parker  
            LINDA V. PARKER  
            U.S. DISTRICT JUDGE

Dated: July 11, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 11, 2014, by electronic and/or U.S. First Class mail.

            S/ Richard Loury  
            Case Manager